```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-61395-Civ-LENARD
                                   (05-60181-CR-LENARD)
                              MAGISTRATE JUDGE P. A. WHITE
```

GOMEZ ACCIME,                         :

     Movant,                        :

v.                                    :         REPORT OF
                                                                       MAGISTRATE JUDGE

UNITED STATES OF AMERICA,             :

     Respondent.                    :
_____

## I.  Introduction

This matter is before this Court on Gomez Accime's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence in case number 05-60181-CR-LENARD.

The Court has reviewed the motion, the government's response, and all pertinent portions of the underlying criminal file.

Accime raises four claims in his motion. He claims that (1) he was denied effective assistance of counsel for failing to raise any meaningful arguments concerning hearsay violations; (2) the government did not prove that he knowingly committed fraud through submission of documents; (3) the government's alleged failure to produce material evidence violated Jencks v. United States; and (4) that the imposition of enhancements according to the guidelines rendered his sentence illegal.

## II.  Facts and Procedural History

1

Accime, along with the Haitian-American Community Help Organization of South Florida ("HACHO"), was indicted for one count of conspiring to commit mail fraud (Count 1), and three counts of making false statements in connection with immigration documents (Counts 5, 6, 7). [CR-DE# 39].  Accime alone was charged with three counts of using the mails to execute a fraud scheme (Counts 2, 3, 4).

Accime and HACHO were tried by a jury.  A summary of the evidence presented is contained within the Eleventh Circuit Court of Appeal's opinion affirming Accime's conviction and sentence. The Eleventh Circuit's recitation of the facts was as follow:

> The evidence, including testimony from alien applicants and undercover officers, established that from approximately June 2004 through July 2005, Accime, as executive director of the Haitian-American Community Help Organization ("HACHO"), mailed more than 10,000 I-765 forms (Applications for Employment Authorization) to immigration authorities on behalf of his alien clients, on which forms Accime personally transcribed certain immigration status codes that Accime knew to be false. The evidence also established that Accime charged $450 for completing and filing each application, representing to the client that the application would be approved even though Accime knew the application would be rejected by immigration authorities.

United States v. Accime, 278 Fed.Appx. 897, 2008 WL 2067448 (11th Cir. 2008).  Accime was convicted of Counts 3, 4, 6, and 7 and acquitted of the remaining counts.  He was sentenced to concurrent terms of 96 months on each count. [CR-DE# 121].

Accime appealed his conviction and sentence.  He contended that his sentence was not reasonable, arguing that: (1) the trial court improperly considered conduct in the Pre-Sentence Investigation ("PSI"); (2) the trial court considered "acquitted

2

conduct" in considering the sentence; (3) the trial court erred in finding that it was not the primary purpose of HACHO to get a driver's license for aliens; (4) the trial court erred in calculating the amount of loss; (5) the trial court erred in finding that Accime did not accept responsibility; (6) the trial court erred by finding that Accime qualified for a four-level enhancement as an organizer; and (7) other § 3553 factors made the sentence unreasonable.

Accime attacked his conviction on three grounds.  He contended that the trial court erred in denying motions for mistrial based on allegedly prejudicial <u>Crawford</u> hearsay violations.  He argued that the court made several errors on questions of the admissibility of evidence, and that these alleged cumulative errors required a new trial.  As his final claim he contended that the evidence was insufficient to sustain the charges.

Accime's conviction and sentence were affirmed. <u>United States v. Accime</u>, 278 Fed.Appx. 897, 2008 WL 2067448 (11th Cir. 2008).  The court found Accime's sentence to be reasonable. <u>Id.</u> The court reviewed the trial court's application and interpretation of the guidelines de novo and its factual findings for clear error. <u>Id.</u>  The court rejected all of Accime's challenges to his sentence. <u>Id.</u>  The court also rejected Accime's challenges to his conviction.  The court found that there was sufficient evidence to sustain the conviction, finding that Accime's alleged motives were irrelevant, as there was no requirement of proof of specific intent to establish that he filed false documents. <u>Id.</u>

On October 8, 2008, the United States Supreme Court denied

Accime's petition for certiorari. <u>Accime v. United States</u>, 129 S.Ct. 331 (2008).

### III. <u>Timeliness</u>

The instant motion was filed on August 31, 2009. The motion is timely.

### IV. <u>Discussion</u>

If a § 2255 petitioner alleges facts which, if true, would entitle him to relief, an evidentiary hearing is required. <u>Holmes v. United States</u>, 876 F.2d 1545, 1552 (11th Cir.1989) (quoting <u>Slicker v. Wainwright</u>, 809 F.2d 768, 770 (11th Cir.1987)); <u>see</u> <u>also</u> <u>United States v. Yizar</u>, 956 F.2d 230, 234 (11th Cir.1992) (district court must hold an evidentiary hearing where court cannot state conclusively that the facts alleged by petitioner, taken as true, would present no ground for relief). Also, section 2255(b) provides that, "[u]nless the motion and files and records of the case conclusively show that petitioner is entitled to no relief," the court should conduct an evidentiary hearing. But, no hearing is required on claims based on unsupported generalizations, patently frivolous claims, or where the allegations are affirmatively contradicted by the record. <u>Vick v. United States</u>, 730 F.2d 707 (11th Cir.1984); <u>United States v. Griffin</u>, 699 F.2d 1102 (11th Cir.1983). In the instant case, as discussed below, Accime's allegations are either based on unsupported generalizations or refuted by the record. Accordingly, an evidentiary hearing is unnecessary.

**(1) Ineffective Assistance of Counsel**

In Accimes's first claim, he contends that counsel was ineffective. Accime alleges that counsel did not "raise any meaningful defenses against the proffers of hearsay by the

4

government."  In support of this claim he further alleges that "certain statements and representations by witnesses created the impression to the jury that [he] acted in a knowingly felonious manner."  Accime also claims that counsel's failure to raise this issue prevented his appellate counsel from raising it on appeal.

Accime's claim of ineffective assistance of counsel are reviewed under the standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984). The United States Supreme Court clearly established the law governing such claims in Strickland. Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id.  The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689.

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have

5

been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

Accime fails to identify with any specificity what objections counsel should have raised. Accime also fails to identify with any specificity what evidence or testimony was objectionable. Accime makes only general allegations that counsel should have raised objections to hearsay. Accime also claims that there were "numerous witnesses" who were not called. Again, Accime fails to identify any of these "numerous witnesses." He only alleges that they "could have contravened statements against" his interest. These types of generalized allegations are not sufficient to state a claim of deficient performance. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)(petitioner not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics'"). In as much as he has failed to properly allege counsel's performance was deficient, he has failed to satisfy the first prong of Strickland and this claim is therefore without merit.

As for prejudice, Accime seems to claim that these other witnesses might have provided evidence of his alleged beneficent motives, thus allowing the jury to find him not guilty. However, this claim of prejudice is without merit. Accime was convicted of knowingly submitting false documents to CIS as a part of larger scheme to defraud the applicants. He submitted applications for

work permits with false information, knowing they would be denied. As the circuit court found, Accime's alleged innocent motivations were irrelevant to his convictions. Since this claim of prejudice is without merit, Accime also fails to satisfy the second prong of Strickland.

**(2) Goverment did not prove that Accime knowingly committed fraud**

Accime's second claim is that the government did not prove that he knowingly committed fraud. He also claims that counsel was ineffective for failing to investigate and obtain documents concerning communications between Citizen and Immigration Services ("CIS") and HACHO. Accime argues that the lack of these documents may have allowed the jury to convict him because they were not provided with evidence of a different motive for his actions.

Accime's claim that the government did not prove he knowingly committed fraud is barred by the law of the case. See Thomas v. United States, 572 F.3d 1300, 1304 (11th Cir. 2009); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir.2000). This claim was raised on direct appeal. On appeal Accime argued that the evidence was not sufficient to sustain the charges. The Eleventh Circuit specifically found that "[t]he evidence was sufficient to support Accime's convictions of mail fraud and making false statements in connection with immigration documents." United States v. Accime, 278 Fed. Appx. 897, 900, 2008 WL 2067448 (11th Cir. 2008).

Under ground two Accime also claims that counsel was ineffective for failing to investigate evidence of his motives. This claim is without merit. It fails both the first and second prong of the Strickland analysis. As pointed out by the Court on appeal, "Accime's allegedly innocent motives in filing false documents are irrelevant – § 1546(a) does not require specific intent, only that

7

proof that false statements were made knowingly." Id. Any evidence of motive would, therefore, have been irrelevant and counsel cannot be deemed ineffective for failing to uncover such evidence. Additionally this evidence would not have resulted in a different outcome as required under the prejudice prong of Strickland. It should also be noted that counsel did present the testimony of persons who claimed to have been helped by HACHO and Accime.

**(3) Government's alleged violation of Jencks**

Accime's third claim is that the prosecution failed to disclose certain documents that Accime alleged existed. He claims that these documents were evidence of communications between CIS and HACHO. He claims that these alleged documents would show that he had no intent to file immigration documents with materially false statements. These documents, he claims, show that CIS advised HACHO regarding the codes to be placed in the forms filed with CIS.

Accime is raising a Brady claim. He contends that his conviction was obtained because the prosecution failed to disclose evidence that was favorable to him.

A Brady claim "involves the discovery, after trial of information which had been known to the prosecution but **unknown** to the defense." United States v. Agurs, 427 U.S. 97, 103 (1976)(emphasis added). In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court established three criteria a criminal defendant must prove in order to establish a violation of due process resulting from the prosecution's withholding of evidence. Specifically, the defendant alleging a Brady violation must demonstrate (1) that the prosecution suppressed evidence, (2) that the evidence suppressed was favorable to the defendant or

exculpatory, and (3) that the evidence suppressed was material. <u>United States v. Severdija</u>, 790 F.2d 1556, 1558 (11 Cir. 1986). Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. <u>United States v. Alzate</u>, 47 F.3d 1103, 1109-1110 (11th Cir. 1995), <u>quoting</u>, <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985); <u>United States v. Stewart</u>, 820 F.2d 370, 374 (11 Cir. 1987)(same).

Assuming such a document existed, Accime was aware of it and it was not unknown to him. Since the evidence was known to Accime, <u>Brady</u> is not applicable. "[N]o <u>Brady</u> violation occurs if the defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory evidence." <u>United States v. LeRoy</u>, 687 F.2d 610, 618 (2d Cir.1982), <u>cert. denied</u>, 459 U.S. 1174 (1983); <u>United States v. Stewart</u>, 513 F.2d 957, 960 (2d Cir.1975). Therefore, Shiver's <u>Brady</u> claim fails on this ground.

In addition to the fact that this alleged document was known to Accime, it did not contain material evidence. Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. See <u>Alzate</u>, 47 F.3d at 1109-1110. Accime claims that this evidence showed that CIS had communicated the codes to be used in filing the applications for work authorizations. However, the communication of the codes did not provide Accime with exculpatory evidence or otherwise benefit his defense. It was Accime's use of the codes in a fraudulent manner that resulted in his conviction. The circuit court has already found that Accime entered these codes knowing them to be false. <u>Accime</u> 278 Fed.Appx at 899. Thus the fact that CIS communicated what codes are used in the form was not material to where Accime used the codes knowing

they were not applicable to the applicants' actual status.

**(4) Sentencing claim**

Accime's fourth claim, that his sentence was illegally enhanced because the court "invalidly considered factors which enlarged the sentencing." He also makes a conclusory allegation that the sentencing procedure did not comply with the Fifth, Sixth and Eight Amendments. Accime gives no specifics. He does not allege how the sentencing procedure was unconstitutional. The only factor he mentions is that his sentence "was increased based on facts found by a preponderance of the evidence rather than beyond a reasonable doubt." He then claims that his sentence was violative of the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005).

As discussed, above regarding claim 2, this claim was addressed on direct appeal and is barred by the law of the case. On appeal Accime challenged the reasonableness of his sentence on seven grounds. Included among these grounds was that the sentence was enhanced by facts found by a preponderance of the evidence.

Accime's guideline sentence was calculated to be 168 to 210 months. He was actually sentenced to 96 months, well below the guidelines advisory sentence. The sentence was imposed after the trial court heard argument and received evidence that Accime should be sentenced below the guidelines. The court found that the crime was serious and that the sentence reflected the seriousness of the crime, promoted respect for the law, was just punishment and provided protection of the public. These are proper considerations in sentencing as reflected in 18 U.S.C. § 3553(a) and survived the Supreme Court's decision in Booker. See Booker, 543 U.S. at 766.

10

On direct appeal the circuit court reviewed the sentence pursuant to Gall v. United States, 128 S. Ct. 586 (2007) and found it reasonable.  The court found that "the court properly calculated an advisory guidelines range of 168 to 210 months imprisonment, ultimately imposing a sentence below that range after considering the 18 U.S.C. § 3553(a) factors. United States v. Accime, 278 Fed. Appx. 897, 900, 2008 WL 2067448 (11th Cir. 2008).  The circuit court further found that the trial court properly took into account conduct that the government proved by a preponderance of the evidence. Id.  As found by the circuit court, Accime "could have been sentenced to up to 20 years' imprisonment for each mail-fraud conviction and up to 10 years' imprisonment for each immigration-document conviction without violating the Sixth Amendment." Id.  It is evident from the sentence and the circuit court's review that the trial court imposed a reasonable sentence based on the facts and circumstances of the case and did not simply apply a guideline sentence.

Accime cites to two cases, Spears v. U.S., 129 S.Ct. 840, 172 L.Ed.2d 596 (2009) and Moore v. U.S., 129 S.Ct. 4, 172 L.Ed.2d 1 (2008), decided subsequent to his sentencing.  These cases involved the application of the crack and powder cocaine difference in the sentencing guidelines.  Accime's case did not involve any such sentencing factor.  These cases are thus inapplicable to the sentencing decision in his case.

## V. Conclusion

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 1st day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Gomez Accime
Reg. No. 65458-004
FCI - Jesup
Federal Correctional Institution
2680 Highway 301 South
Jesup, GA 31599


Jennifer A. Keene
Assistant United States Attorney
United States Attorney's Office
99 NE 4 Street, Suite 800
Miami, FL 33132