UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61395-CIV-LENARD/WHITE

**GOMEZ ACCIME,**

    Movant,

v.

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE (D.E. 11) AND
DENYING MOTION TO VACATE SENTENCE (D.E. 1)**

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Patrick A. White ("Report," D.E. 11), issued on September 2, 2010, recommending this Court deny Movant Gomez Accime's ("Accime") Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 ("Motion," D.E. 1), filed on September 3, 2009. On October 13, 2010, Accime filed objections to the Report ("Objections," D.E. 14). Having considered de novo the Report, Objections, Motion, related pleadings, and the record, the Court finds as follows.

Accime's Motion seeks to vacate his sentence based on the following grounds: (1) his trial counsel was ineffective for failing to raise "any meaningful arguments concerning hearsay violations"; (2) the Government failed to prove he knowingly committed fraud through the submission of documents; (3) the Government failed to provide Jencks material; and (4) his sentence was illegal due to the imposition of enhancements pursuant to the

Sentencing Guidelines.[1]

The Report concludes that Accime's claims are without merit and his allegations are either unsupported generalizations or refuted by the record, and therefore an evidentiary hearing is unwarranted. (See Report at 4.) First, with respect to Accime's claim that counsel was ineffective in failing to raise better hearsay objections, the Magistrate Judge found that Accime "fails to identify with any specificity what objections counsel should have raised." (Id. at 6.) The Magistrate Judge also noted that Accime failed to identify any of the "numerous witnesses" that should have been called. (Id.) Moreover, the Magistrate Judge noted that Accime's alleged innocent motive in processing the immigration applications was irrelevant to his convictions. Thus, the Report concludes Accime alleges no facts demonstrating deficient performance or prejudice under Strickland v. Washington, 466 U.S. 668 (1984). Similarly, the Magistrate Judge found Accime's claim that the prosecution failed to disclose evidence of communications between his co-defendant the Haitian-American Community Help Organization of South Florida ("HACHO") and Citizenship and Immigration Services ("CIS"), to be without merit. (Id. at 9.) Accime claims evidence existed that demonstrates CIS advised HACHO regarding the proper codes to be used for

---

[1] Accime was charged with conspiring to commit mail fraud, mail fraud, and providing false statements in applications for immigration employment authorization. A jury convicted him of two counts of mail fraud and two counts of making false statements, but acquitted him as to the remaining counts. The Court calculated a Guidelines sentencing range of 168 to 210 months imprisonment. The Court subsequently imposed a sentence of 96 months imprisonment to run concurrently as to each count. The Eleventh Circuit affirmed Accime's conviction and sentence on direct appeal and the U.S. Supreme Court denied his petition for a writ of certiorari.

forms submitted to CIS. He claims this evidence would have demonstrated a lack of intent to file immigration documents with materially false statements. The Report concludes that even if such communications existed, no Jencks or Brady violation occurred where Accime knew or should have known of the existence of the evidence. (Id.) Moreover, the Report finds that the alleged evidence would not have been material or exculpatory to his defense. (Id. at 9-10.) Finally, the Report concludes that Accime's sufficiency of the evidence and sentencing claims are barred by the law of the case doctrine and are otherwise meritless.[2] (Id. at 7-8; 10-11 (citing Thomas v. United States, 572 F.3d 1300, 1304 (11th Cir. 2009)).)

Accime's Objections simply state "[t]he Movant hereby enters this general objection to the findings and Report of Magistrate Judge, and incorporates by reference the arguments raised in Movant's Memorandum of Law and Argument in Support of § 2255 Motion." (Objections at 1.) Accime's memorandum of law is set forth as part of his traverse to the Government's response. (See D.E. 10.)

The Court finds Accime's "general objection" to the Report is without merit. First of all, Movant fails to set forth any specific objections or provide any guidance as to what is incorrect with the Magistrate Judge's Report. See Macort v. Prem, Inc., 208 Fed. Appx. 781, 783-84 (11th Cir. 2006). The Motion is rife with unsupported generalizations, frivolous

---

[2] To the extent Accime incorporates as part of his sufficiency of the evidence claim the argument that counsel was ineffective for failing to investigate evidence of his motives, the Magistrate Judge concluded this claim failed both prongs of Strickland as evidence of his motive was irrelevant and counsel presented the testimony of various persons who claimed to have been assisted by Accime and HACHO. (See Report at 7-8.)

claims, and allegations affirmatively contradicted by the record. As a result, the Court finds no evidentiary hearing is warranted and the Motion must be denied. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Consistent with this Order, the Report and Recommendation of Magistrate Judge Patrick A. White (D.E. 11), issued on September 2, 2010, is **ADOPTED**;

2. Movant's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (D.E. 1), filed on September 3, 2009, is **DENIED**;

3. All other pending motions are **DENIED AS MOOT**;

4. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of October, 2010.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**